UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WOOLERY,<br>　　Plaintiff,<br>　v.<br>SCOTT SMITH, et al.,<br>　　Defendants. | Case No. 17-cv-06786-SK<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Regarding Docket Nos. 78, 79 |

Defendants City of Concord, David Greenfield, Scott Smith, and Guy Swanger ("City Defendants") and a motion filed by Contra Costa County ("County") filed motions to dismiss Plaintiff's Second Amended Complaint ("SAC") (Dkt. 72). Having considered the parties' papers, relevant legal authority, and oral argument, the Court GRANTS both motions to dismiss but provides Plaintiff with leave to amend some of the claims by August 2, 2018.

**BACKGROUND**

Previously, this Court dismissed Plaintiff John Woolery's First Amended Complaint with leave to amend the claims for violation of the 8th Amendment of the Constitution and claims related to Plaintiff's medical treatment at the Martinez Detention Facility ("MDF"). (Dkt. 70.) Specifically, the Court allowed amendment to the following claims only:

(1) a claim against the County for cruel and unusual punishment and intentional infliction of emotional distress arising from healthcare and prison conditions during Plaintiff's confinement at MDF in violation of Plaintiff's civil rights under 42 U.S.C. § 1983 and the Eighth Amendment, and in violation of the Bane Act;

(2) claims against Defendant Scott Smith for "deliberately or recklessly" misleading a judicial officer and sufficiently alleging that Plaintiff's bail would not have been unconstitutionally excessive but for the officers' misrepresentations. *Galen v. County of Los*

*Angeles,* 477 F.3d 652, 659 (9th Cir. 2007);

(3) claims that the City Defendants employed by the Concord Police Department conspired to violate Plaintiff's Eighth Amendment rights and that the City Defendants did in fact cause a deprivation of Plaintiff's constitutional rights; and

(4) a *Monell* claim against the City of Concord and the County that includes a summary of the official municipal and County-held policies that resulted in Plaintiff's injuries and gave rise to an Eighth Amendment claim.

Plaintiff filed a Second Amended Complaint. The City Defendants and the County filed motions to dismiss. (Dkts. 78 and 79.) Plaintiff opposed the motions. (Dkt. 81.)

## ANALYSIS

### A. Applicable Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N.*

*Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

In deciding whether the plaintiff stated a claim upon which relief can be granted, a court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987). However, a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *In re Gilead Sciences Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se,* a court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of the doubt. *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

**B.     Dismissal of Claims Outside Scope of Court's Prior Order Granting Leave to Amend.**

As described above, the Court provided Plaintiff with leave to amend those claims arising from Plaintiff's Eighth Amendment rights for excessive bail and cruel and unusual punishment related to deficient health care received at the MDF. Nevertheless, the SAC includes additional claims outside the scope of the Court's prior order by including claims that the Court had dismissed without leave to amend. Therefore, as the Court advised Plaintiff during oral argument,

3

1  the Court attaches to this Order a copy of the SAC with the claims that are dismissed with
2  prejudice crossed-out. These claims include the following: claim numbers three, four, eight, nine,
3  and ten. Plaintiff may not amend or reassert these claims in his Third Amended Complaint.

In sum, claims three, four, eight, nine, and ten of the SAC are DISMISSED WITH
PREJUDICE. Plaintiff may not include those claims in any additional complaint unless the Court
gives leave to include them.

**C.  Plaintiff's Remaining Claims**

To state a claim under 42 U.S.C. § 1983, the complaint must provide "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy,* 844 F.2d 628, 632-33 (9th Cir. 1988). Claim one asserts violation of the Eighth Amendment right against excessive bail. Claim two asserts deliberate indifference to Plaintiff's Eighth Amendment rights, and claim six asserts the "all or none" medication policy violates the Eighth Amendment. Claims five and seven are state law claims for failure to summon medical care and violation of the Bane Act.

**1.  Eighth Amendment Claim for Excessive Bail (Claim One)**

Plaintiff alleges that Defendant Smith violated Plaintiff's Eighth Amendment right against excessive bail because Defendant Smith submitted a false affidavit to the Court to enhance Plaintiff's bail. (Dkt. 72 at pp. 6-9.) Plaintiff was originally arrested and then released from custody after posting bail of $150,000, but, after Defendant Smith conducted an investigation, Defendant Smith submitted a declaration to the court to increase bail (the "Smith Declaration"). (Dkt. 72 at pp. 2-3 and Ex. A.) Following the Smith Declaration, Plaintiff's bail was raised above the maximum in the bail schedule of $150,000 to $1,000,000, and Plaintiff was then incarcerated until he entered a plea of "no contest" to a charge of stalking his wife, while in the process of divorcing. (*Id.* at p. 8.)

The Eighth Amendment of the U.S. Constitution states: "Excessive bail shall not be required." U.S. Const. Amend. VIII. The "Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering

bail." *Galen v. County of Los Angeles,* 477 F.3d 652, 660 (9th Cir. 2007) (quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987)). To establish an excessive bail claim, Plaintiff must establish that bail was set for improper purposes or denied without compelling reasons and that bail was "excessive" in violation of the Eighth Amendment. *Galen,* 477 F.3d at 659. A police officer is liable under 42 U.S.C. § 1983 for violation of a plaintiff's constitutional rights only if the officer "deliberately or recklessly misled the [judicial officer] and that the [plaintiff's] bail would not have been unconstitutionally excessive but for the officers' misrepresentations." *Id.* at 664.

After Plaintiff establishes sufficient facts to show that bail was excessive, he must raise a viable theory of misconduct on the part of the police officer which proximately caused the excessive bail. *See Morse v. Regents of Univ. of Cal., Berkeley,* 821 F.Supp. 1112, 1118 (N.D. Cal. 2011). Plaintiff must allege facts showing that the judicial officer who relied upon the police officer's misrepresentations would not have made Plaintiff's bail unconstitutionally excessive but for the officer's misrepresentations. *Galen,* 477 F.3d at 663-64. "[A] judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of law enforcement personnel to the [judicial] officer's decision. *Id.* (citation omitted).

California Penal Code § 1275 provides that the judicial officer "setting, reducing or denying bail" makes "public safety the primary consideration" and must take into account "the protection of the public, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at trial or hearing of the case." Cal. Penal Code § 1275(a)(1). The judicial officer shall consider "the alleged injury to the victim, alleged threats to the victim or a witness," as well as the "use of a deadly weapon in the commitment of the crime charged." *Id.* at 1275(a)(2).

The Smith Declaration at issue here states that, after Plaintiff's arrest on February 10, 2017 for stalking Plaintiff's ex-wife, an analysis of Plaintiff's computer and Plaintiff's admissions during interviews with law enforcement revealed that Plaintiff placed "personal advertisements soliciting men to call/text her [the victim] for sex." (Dkt. 72, Ex. A.) Plaintiff alleges that the statements in the Smith Declaration were false. (Dkt. 72 at pp. 7-9.) Specifically, Plaintiff alleges that the following facts in the Smith Declaration are not true:

5

(1) Plaintiff admitted that he is bi-polar and has homicidal hallucinations, delusions of grandeur, depression, and that he suffers from panic attacks.

(2) Plaintiff sent photographs of the victim's vehicle and photographs from the school of Plaintiff's daughter to prove that he was following the victim.

(3) Plaintiff left items at the victim's door.

(4) Plaintiff said that he intended to solicit strange men to follow the victim and harass her.

(5) Plaintiff conducted searches on the internet for "cost to hire a hitman," "how to find a hitman on craigslist," and "murder for hire."

(Dkt. 72 at pp. 6-9.) Plaintiff also alleges and that the effort to enhance Plaintiff's bail violated the Excessive Bail Clause because Plaintiff was not a flight risk, because Plaintiff did not have a criminal record, and because no new facts arose with regard to the allegations against Plaintiff on which to base the increase in bail. (Dkt. 72 at p. 8.)

Plaintiff attaches to his opposition brief five transcripts of interviews that took place between Plaintiff and unidentified police officers/detectives before Plaintiff's conviction. (Dkt. 81-1 to 81-5.) Plaintiff infers that the interviews include Defendant Smith. (Dkt. 81 at p. 9.) Defendants do not lodge any objection to the transcripts. The Court will take judicial notice of the transcripts as official documents – not for the truth of the matter asserted but for the fact that Plaintiff made the statements contained in the transcripts. The transcripts confirm at least three of the allegedly false statements in the Smith Declaration. First, with regard to the statements about Plaintiff's mental health, the transcripts show that Plaintiff admitted to being bi-polar, and his statements in the transcripts also show that he attempted to hire a hit man to kill him so that his daughter could collect life insurance. (Dkt. 81-1, pp. 10-11, Dkt. 81-2, p. 7.) Second, the transcripts also show that Plaintiff admitted to searching the internet for ways to hire a hit man and that he admitted to communicating with a hit man but did not hire him. (Dkt. 81-1, pp.5-6; Dkt. 81-2, p.8.) Plaintiff claims that he did so because he intended that the hit man kill Plaintiff instead of the victim. Third, Plaintiff admitted to posting false advertisements to solicit strange men to contact the victim. (Dkt. 81-5, pp.11-12.)

The transcripts reveal even more disturbing admissions: that Plaintiff searched the internet

for ways to make a bomb, how to get rid of DNA evidence, how to implicate another person in a crime, how to find a kidnapper, how to beat a lie detector test, how to fake a stroke, how to hack an email, and that Plaintiff had tried to harm himself. (Dkt. 81-1, 81-2, 81-3, 81-4, 81-5.) Those admissions were not in the Smith Declaration.

Given these facts, Plaintiff may proceed only on the claims that Defendant Smith's statement in the Smith Declaration that Plaintiff sent photographs of the victim's vehicle and photographs from the school of Plaintiff's daughter to prove that he was following the victim and that Plaintiff left items at the victim's door were allegedly false.

Plaintiff has an additional problem with his claim, though, as he fails to plead any facts to show proximate cause – that is, that the judicial officer who decided to increase Plaintiff's bail relied upon the false statements in making the decision to increase Plaintiff's bail. For that reason, the Court gives Plaintiff leave to amend to add that critical issue to a Third Amended Complaint. Given the contents of the transcripts that corroborate the most serious issues, it is difficult to imagine that Plaintiff will be able to succeed on a claim that the bail was excessive. Nonetheless, the Court grants Plaintiff leave to amend this claim.

For the foregoing reasons, the Court GRANTS the motion to dismiss the first claim with leave to amend.

**2. Eighth Amendment Claim for Deliberate Indifference to Medical Needs (Claim Two)**

Plaintiff also sues the County for violation of the Eighth Amendment based on County's overcrowding at MDF. Plaintiff claims that during his incarceration, "MDF personnel refused to act on the Plaintiff's requests for help on over 17 occasions in a written and forms [sic] (Exhibit C)." (Dkts. 72 at p. 12.) Plaintiff alleges that Physicians intentionally denied medication on over five occasions "due to poor staffing, overcrowding and poor training protocol." (*Id.*) Plaintiff asserts that personnel refused to provide a response to pain and "life changing health conditions" and that the pharmacy was closed. (*Id.*) Plaintiff also alleges that he had an allergic reaction to Lamictal, which ultimately resulted in DRESS Syndrome, hospitalization, and subsequent health consequences. (*Id.* at pp. 4-6). Plaintiff provides a summary of his seventeen requests for medical

7

assistance to MDF personnel. (*Id.*)

"Inmates who sue prison officials for injuries suffered while in custody do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles,* 833 F.3d 1060, 1067-68 (9th Cir. 2016). Because Plaintiff alleges that the failure to provide him with medical care occurred after his conviction, the Eighth Amendment applies. The Eighth Amendment imposes certain duties on prison officials: (1) to provide humane conditions of confinement; (2) to ensure that inmates receive adequate food, clothing, shelter and medical care; and (3) to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan,* 511 U.S. 825, 832 (1996) (citing *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). "Just as a prisoner may starve if not fed, he or she may suffer or die if not provided adequate medical care. A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." *Brown v. Plata,* 563 U.S. 493, 510-11 (2011).

To bring a valid Section 1983 claim for a violation of Plaintiff's Eighth Amendment rights based on inadequate medical care, Plaintiff must show that the acts or omissions of personnel at the MDF were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference has both an objective and a subjective component. A plaintiff alleging deliberate indifference must "objectively show that [the inmate] was deprived of something 'sufficiently serious.'" *Lemire v. Calif. Dept. of Corr. & Rehab.,* 726 F.3d 1062, 1074 (9th Cir. 2013). "A deprivation is sufficiently serious when the prison official's act or omission results 'in the denial of the minimal civilized measure of life's necessities.'" *Farmer,* 511 U.S. at 834. The plaintiff must also "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Lemire,* 726 F.3d at 1074.

Deliberate indifference "entails something more than mere negligence" but requires "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. Thus, medical malpractice is insufficient.

8

*Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004). There must be sufficient awareness of facts "from which the inference could be drawn that a substantial risk of harms exists" and defendant "must also draw the inference." *Farmer,* 511 U.S. at 837. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding the risk." *Id.* at 836. Plaintiff must show that the County was on notice that its employee's omissions would likely result in a constitutional violation. *Farmer,* 511 U.S. at 841.

Plaintiff cannot hold the County, a municipality, liable for employees' actions under a *respondeat superior* theory. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). Instead, *Monell* requires that the municipality can be sued directly under Section 1983 only where (1) the alleged unconstitutional conduct is the result of an official policy, pattern, or practice, or (2) a government practice, although "not authorized by written law … [is] so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.* at 691. To withstand a motion to dismiss, "a *Monell* claim must consist of more than 'formulaic recitations of the existence of unlawful policies, conducts or habits.'" *Bedford v. City of Hayward,* No. 12-cv-00294-JCS, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting *Warner v. Cty. Of San Diego,* No. 10-cv-1057, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011)).

The County argues that Plaintiff's SAC lacks the factual allegations necessary to establish the existence of a policy. The County asserts that Plaintiff attempts two approaches: (1) a conclusory allegation regarding a policy of "all or none" medication based on Plaintiff's experience, and (2) a summary of all of the alleged denials for medical care Plaintiff experienced. (Dkt. 79 at p. 7.)

Plaintiff alleges that the policy at issue is the failure on the part of the County to address the overcrowding at MDF, which was the subject of the "2015 Jail Needs Assessment" prepared to comply with California Code of Regulations, attached as Exhibit E to the SAC ("the Assessment"). (Dkt. 72 at p. 37 *et seq.*) The Assessment, prepared for the County, describes MDF as "chronically operating above functional capacity" and in that context describes the need for a new facility within the County. (*Id.* at pp. 37-38.)

However, Plaintiff does not connect the overcrowding to the failure to provide medical care in response to Plaintiff's reaction to medication. The Assessment does not mention inadequate health care and the conclusory statements that overcrowding results in deficiencies in health care are insufficient. Plaintiff failed to plead that a policy or action on the part of the County in response to crowding resulted in deliberate indifference.

The Court GRANTS the motion to dismiss claim two with leave to amend.

### 3. Eighth Amendment Claim for "All or None" Policy (Claim Six)

Plaintiff asserts that the County has a policy described as "take all medications or none." (Dkt. 72 at p. 18.) Plaintiff's assertion is based solely on the response from six "deputies on duty" at MDF and three medical professions who told Plaintiff "take all of your medications or you get none." (Dkt. 72 at pp. 3, 18.) However, the mere fact that this statement was made to Plaintiff does not give rise to an official policy of the County. "While the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court." *Roy v. Contra Costa County,* No. 3:15-cv-02672-THE, 2016 WL 54119, at *4 (N.D. Cal. Jan. 5, 2016). Given the lack of factual support, the Court must reject the conclusory statement that "all or none" is a policy.

The Court GRANTS the motion to dismiss claim six with leave to amend.

### 4. Claim for Violation of Cal. Government Code Section 845.6 - Failure to Summon Medical Care (Claim Five)

Plaintiff asserts a claim against the County pursuant to California Government Code § 845.6 for failure to summon medical care after Plaintiff requested medical care, resulting in the worsening of Plaintiff's condition. (Dkt. 72 at p. 18.) Section 845.6 provides in pertinent part:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, … a public employee … is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care….

"Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Watson v. State of California,* 21 Cal.App.4th 836, 841 (1993). Liability is limited to "when: (1) the public employee knows or has reason to know [of the] need,

10

(2) of immediate medical care, and (3) fails to take reasonable action to summon such medical care." *Castaneda v. Dept. of Corr. & Rehab.,* 212 Cal.App.4th 1051, 1070 (2013) (internal quotations omitted). This section is "very narrowly written to authorize a cause of action against a public entity for its employees' failure to summon immediate medical care, not for certain employee's malpractice in providing that medical care." *Id.*

While Plaintiff alleges that on seven occasions he requested medical care with no response from MDF personnel, Plaintiff does not allege that the employee recognized the need for *immediate medical care* or that the situation was one that required immediate medical care. The alleged harm experienced by Plaintiff is described as the failure to adjust Plaintiff's medication. (Dkt. 72 at pp. 3-6.)

Generally, requests for medication do not require immediate attention. In *California v. Nelson,* the California Court of Appeal affirmed the dismissal of a state prisoner's claim brought under Section 845.6 and rejected the argument that failure to prescribe the correct medication is "the legal equivalent to failure to summon medical care" under section 845.6, holding that any such failure is medical malpractice, not a violation of section 845.6. *Nelson,* 139 Cal.App.3d 72, 80-81 (1982). Plaintiff must establish that an immediate need existed, that a public employee knew of an immediate need, and that the employee failed to provide medical care in order to establish a claim under section 845.6.

The Court GRANTS the motion to dismiss claim six with leave to amend.

### 5. Violation of the Bane Act (Claim Seven)

Plaintiff's seventh claim, brought against the County, arises under California Civil Code § 52.1 (the "Bane Act"). Plaintiff alleges that MDF staff threatened that if Plaintiff failed to take Lamictal, County would deny him other medications. (Dkt. 72 at p. 20.) However, Plaintiff does not assert intentional conduct and does not allege interference with a state or federal constitutional right.

The Bane Act authorizes individual civil actions for damages and injunctive relief by individuals whose federal or state rights have been interfered with by threats intimidation, or coercion. Cal. Civ. Code § 52(a). "The essence of a Bane Act claim is that the defendant, by the

11

specified improper means (i.e., 'treats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something he or she was not required to do under the law." *Austin B. v. Escondido Union School Dist.,* 149 Cal.App.4th 860, 883 (2007). A plaintiff must show: "(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento,* 234 Cal.App.4th 41, 67 (2015) (*as modified March 6, 2015*).

The Court GRANTS the motion to dismiss claim seven with leave to amend.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Motions to Dismiss. Claims three, four, eight, nine, and ten are dismissed with prejudice. Claims one, two, five, six, and seven are GRANTED without prejudice. Plaintiff has until August 1, 2018 to file a third amended complaint.

**IT IS SO ORDERED**.

Dated: July 6, 2018

_____
SALLIE KIM
United States Magistrate Judge

12